FILED
SUPERIOR COURT
OF GUAM

2025 DEC 18 PM 3: 46

CLERK OF COURT

**IN THE SUPERIOR COURT OF GUAM** By:_____/om/_____

| | |
|---|---|
| DARIUS ABDUL RICHARDSON,<br><br>               Plaintiff,<br><br>vs.<br><br>JEAN LORRAINE RICHARDSON,<br><br>               Defendant. | Civil Case No. CV0406-25<br><br>**DECISION AND ORDER RE: SUMMARY JUDGMENT** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on October 21, 2025, for a Motion Hearing regarding Plaintiff's Motion for Summary Judgment. Attorney Daniel J. Berman appeared on behalf of Plaintiff Darius Abdul Richardson ("Darius"). Jean Lorraine Richardson ("Jean") appeared *pro se*. After reviewing the record, relevant law, and arguments from the parties, the Court **GRANTS** the Motion for Summary Judgment.

## BACKGROUND

On June 9, 2025, Darius filed his verified complaint for Declaratory Relief of Quiet Title and Damages for Slander of Title ("Complaint") against Jean. Jean filed her Answer to the Complaint, which included counterclaims, on August 14, 2025. Darius filed his Reply to Jean's Counterclaim on August 27, 2025.

Darius then filed a Motion for Summary Judgment under GRCP 56 on August 29, 2025. Jean filed two Oppositions to Motion for Summary Judgment, one on September 26, 2025, and

the second on October 1, 2025. Darius filed his Reply to Jean's Opposition on October 9, 2025. The Court heard the oral arguments for the Summary Judgment Motion on October 21, 2025.

## STATEMENT OF FACTS

The relevant facts regarding the Motion for Summary Judgment are as follows:

1. On September 23, 2024, Jean recorded a Claim of Lien based on two properties owned by Darius, Lots No. 55 and No. 3202-1-4, based on a 2008 judgment against Darius for child support. Compl. at 2–4 (Jun. 9, 2025).

2. Jean had previously recorded a lien on these same properties in 2013 that had been extinguished by bankruptcy proceedings before the 2024 recording of the liens. *Id.* at 5.

3. Jean claimed that the bankruptcy proceedings are part of a greater fraud against her person and should be disregarded. Def.'s Answer to Compl. to Quiet Title at 6 (Aug. 14, 2025).

## DISCUSSION

A motion for summary judgment may be granted if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Guam R. Civ. P. 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials." GRCP 56(c)(1)(A). The Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27, at 7. The role of the Court is to determine whether the disputed facts raised by the nonmoving party, paired with the undisputed

facts agreed to by both parties, are such that no reasonable jury could return a verdict in favor of the nonmoving party based on those facts. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.,* 809 F.2d 626, 631 (9th Cir. 1987).

Upon review of the record and evidence submitted by the parties, Darius has shown that he is entitled to summary judgment based on undisputed facts. Jean's rights to the two lots were extinguished by bankruptcy proceedings. Jean has not disputed the fact that the bankruptcy court did extinguish her right to these properties. Although Jean has claimed that the bankruptcy court committed fraud against her, the filing of the liens against Darius was improper even on this basis and cannot be found to be an adequate justification for the filing of the liens. Therefore, the Court orders that judgment be entered against Defendant.

**NOW THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that:**

1. Defendant Jean Lorraine Richardson's Claim of Lien, encumbrance and interest recorded on August 9, 2013 on Lot No. 55, Block No. 3, Perezville Subdivision, Tamuning, Guam, and Lot No. 3202-1-4, Sinajana, Guam, to include but not limited to, recorded Instrument No. 855061 (Claim of Lien) is declared CANCELLED, NULL, and VOID.

2. Defendant Jean Lorraine Richardson has no estate, right, title or interest in Lot No. 55, Block No. 3, Perezville Subdivision, Tamuning, Guam; and, Lot No. 3202-1-4, Sinajana, Guam.

3. Plaintiff Darius Abdul Richardson owns fee simple and title, free and clear of any Claims of Lien of Jean Lorraine Richardson, to the following described real property:

> LOT NO. 55, BLOCK NO. 3, PEREZVILLE SUBDIVISION, TAMUNING, GUAM, (ESTATE NO. 12957), SUBURBAN, as said lot is marked and designated on Map Drawing No. FSP-16, dated 08/05/1954 and recorded on 07/07/1965 under Instrument No. 61217, in the Department of Land Management, Government of Guam.

The following is shown for information purposes only: Said map shows the area to be 1,192.59 +/- square meters; Last Certificate of Title No. 90072 issued to Edward J. Cruz.

LOT NO. 3202-1-4, SINAJANA, GUAM, (ESTATE NO. 56455), SUBURBAN, as said lot is marked and designated on Map Drawing No. Ad-01-79S LM#282FY#79, dated 11/14/1979 and recorded on 13/02/1979 under Instrument No. 308891, in the Department of Land Management, Government of Guam.

The following is shown for information purposes only: Said map shows the area to be 10,970 +/- square feet/ 1019 +/- square meters; Last Certificate of Title No. 66565 issued to Juan P. Carpio and Rosario P. Carpio.

4. Defendant Jean Lorraine Richardson is ordered to release her Claim of Lien recorded on August 9, 2013, and execute that Release in the form proposed by Plaintiff as Exhibit "K" to his Complaint, within twenty-one (21) days from entry of this Judgment.

5. Judgment for damages based on First Claim (Quiet Title) and Second Claim (Slander of Title) shall be awarded against Defendant Jean Lorraine Richardson in favor of Plaintiff Darius Abdul Richardson equal to his reasonable legal fees and costs. Plaintiff or his counsel shall submit their Declaration in support of the award of fees and costs as damages within twenty-one (21) days from the entry of this Judgment.

6. Post-judgment interest shall accrue at the rate of 6% per year.

7. Such other fees and costs of Court as may be incurred in the enforcement of the Judgment.

**SO ORDERED**, this ___12/18/25___ .


_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

Page 4 of 4